IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON DOUGLAS, | : | CIVIL ACTION NO. **1:CV-09-1188** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| RICARDO MARTINEZ, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Procedural Background.**

On June 23, 2009, Petitioner, Vernon Douglas, while an inmate at the United States Penitentiary Allenwood, White Deer, Pennsylvania ("USP-Allenwood"),[1] filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner styled his habeas petition as "Response to Government Reply and Summary Motion." (Doc. 1). When his Habeas Petition

---

[1] Petitioner Douglas is currently confined at FCI-Ray Brook, Ray Brook, New York. (Doc. 17-2, p. 2).

Petitioner Douglas previously filed, with this Court, a civil rights action pursuant to 28 U.S.C. § 1331. Civil No. 08-0140, M.D. Pa. In his civil rights action, Petitioner requested relief in the form of "removal of all BOP imposed fee or RFP collections against him, no sanctions by the BOP may be imposed, and a legal, permanent bar from the BOP reinstalling any collections of any type, or sanctions." He also asked for "immediate imposition under § 3664, that the BOP must remove all imposed fee collections on inmates that do not contain an express, direct Court Order signed by a Magistrate Judge, directly ordering the collection and the imposed schedule of collection thereof, as designated by law, be imposed and forever barred from reimposition on any inmate, by the BOP."

Petitioner's civil rights action was ultimately dismissed by the Court on May 26, 2009. *See Douglas v. BOP*, 2009 WL 1458177, M.D. Pa.

was filed, Petitioner properly named as Respondent Warden Martinez at USP-Allenwood.[2]
Petitioner also filed a Motion for Leave to Proceed *in forma pauperis* which was granted by the Court. (Docs. 2 and 10). On August 13, 2009, the Court issued a Show Cause Order and directed Respondent to respond to the Habeas Petition. (*Id.*).

Respondent filed his Response with several attachments on September 16, 2009. (Doc. 14). After Petitioner was granted an extension of time, he timely filed his 7-page Traverse, with an attached exhibit, on October 22, 2009. (Doc. 17).[3]

Petitioner's habeas petition is now ripe for disposition.

**I. Factual Background.**

Since the complete factual background of Petitioner's federal criminal case is detailed by the undisputed Declaration of BOP Senior Attorney Sullivan, and is supported by Respondent's exhibits, we shall quote his relevant averments below:

> 3. Petitioner was sentenced on May 18, 2006, in the United States District Court for the Eastern District of Pennsylvania to a term of imprisonment of "LIFE" for Distribution of Cocaine Base in violation of Title 21, U.S.C. § 841 (a)(1) and (b)(1)(C); Possession of Cocaine Base in violation of Title 21, U.S.C. § 844(a); Possession with Intent to Distribute Cocaine in violation of Title 21, U.S.C. § 841(a)(1) and (b)(1)(C); Possession of a Firearm in Furtherance of Drug Trafficking in violation of Title 18, § 924(c); and

---

[2] Venue in this Court is proper with respect to this § 2241 habeas petition since Petitioner was incarcerated at USP-Allenwood during the relevant time. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (finding that a petition pursuant to 28 U.S.C. § 2241 challenging an alien's present physical custody in the United States should be filed in the district where the petitioner is confined).

[3] Petitioner attaches to his Traverse (Doc. 17), as Ex. A, a copy of a page from his PSI Report which addressed his financial condition and ability to pay a fine and/or restitution as part of his federal criminal sentence.

Possession of a Firearm by a Convicted Felon in violation of Title 18, § 922(g)(1). I have attached a copy of the Petitioner's Judgment in a Criminal Case to my declaration as Attachment #1. [Doc. 14-3, pp. 7-10].

4. Petitioner was also ordered to pay a $500.00 felony assessment which was ordered to be paid as follows: "Lump sum payment of $500.00 due immediately." Further, "Unless the court order has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court." . See Attachment #1, page 4.

5. On October 6, 2008, Petitioner was re-sentenced to an aggregate term of imprisonment of 220 months. I have attached a copy of Petitioner's Amended Judgment in a Criminal Case to my declaration as Attachment #2.

6. Once again, Petitioner was ordered to pay a $500.00 felony assessment which was ordered to be paid as follows: "Lump sum payment of $500.00 due immediately." Further, "Unless the curt order has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court." . See Attachment #2, page 6.

7. Petitioner has a projected release date of June 14, 2020, via Good Conduct Time release.

(Doc. 14-3, pp. 1-3, ¶'s 3.-7.). *See also Douglas v. BOP*, 2009 WL 1458177, M.D. Pa.[4]

Moreover, BOP Senior Attorney Sullivan avers:

11. On June 13, 2006, Petitioner [Douglas] arrived at USP Allenwood.

---

[4]Since Respondent has Bates stamped the page numbers of his exhibits found at Doc. 14-3, *i.e.* Ex. 1 (Sullivan Declaration) and Attachments 1-4, for clarity, we simply refer to page numbers of Doc. 14-3 herein.

> 12. On September 13, 2006, Petitioner began making payments towards his court-ordered felony assessment by making a payment of $25.00.
>
> 13. On December 12, 2006, Petitioner made a second $25.00 payment.
>
> 14. Petitioner has not made any other payments towards his felony assessment; therefore, as of September 7, 2009, his outstanding balance is $450.00. I have attached a copy of the Petitioner's "Inmate Financial Responsibility Display - INMT Financial OBLG Adjustments" sheet to my declaration as Attachment #4. [Doc. 14-3, p. 37]
>
> 15. As a result of his refusal to make any further payments, Petitioner is in an "FRP Refuse" status.

(*Id.*, ¶'s 11.-15).

Thus, Petitioner's May 18, 2006 sentence was vacated and his case was remanded to the District Court for re-sentencing. *See U.S. v. Douglas*, 244 Fed. Appx. 411 (3d Cir. 2007).[5] Petitioner was re-sentenced on October 6, 2008, and he was ordered to pay a $500.00 felony assessment. In fact, Petitioner admits in his Traverse (Doc. 17, p. 2) that when he was re-sentenced, the Court imposed "a 500 dollar special assessment." In his Traverse, Petitioner also states that the Court adopted the recommendation of his PSI Report and did not impose a criminal fine on him when it re-sentenced him. (*Id.*, p. 3 and Ex. A). However, Petitioner incorrectly states that Respondent has "misinterpreted the facts" in his Response. (*Id.*). We find that Respondent has correctly stated the facts regarding Petitioner's re-sentencing and his October 6, 2008 Amended J&C. (*See* Doc. 14-3, pp. 12-17).

---

[5]The Third Circuit vacated Petitioner's life imprisonment sentence for his conviction of possession of a firearm in furtherance of a drug trafficking crime based on *U.S. v. King*, 454 F. 3d 187 (3d Cir. 2006) and *U.S. v. Colon*, 474 F. 3d 95 (3d Cir. 2007).

### III. Claims of Habeas Petition.

Petitioner seems to claim that the Federal Bureau of Prisons ("BOP") has no authority to collect criminal fines, special felony assessments and restitution under 18 U.S.C. §§ 3013, 3572, 3612 and 3664.[6] Petitioner states that only the sentencing court can issue orders regarding the collection of criminal fines, special felony assessments and restitution, and that only the court can determine the amount of these payments, the terms of these payments, and the methods the inmate must make these payments. (Doc. 1). Petitioner contends that the BOP cannot force inmates to make the stated payments, and that the BOP cannot impose sanctions against inmates who do not make the payments as directed by the BOP, seemingly through the IFRP.

Petitioner also seems to claim that only the sentencing court has authority to set the schedule of payments for federal inmates during the period of incarceration with respect to criminal fines, special felony assessments and restitution, and that this authority cannot be delegated to the BOP *via* the IFRP. (Doc. 1). Petitioner further claims that any changes to the stated criminal monetary impositions, including the terms of payment, can only be done by the sentencing court at a resentencing hearing. Petitioner re-states his claims in his Traverse and contends that "only sentencing court has authority to set schedule of **restitution** payments for federal inmates during period of incarceration. That authority can not be delegated to the (BOP)." (Doc. 17, p. 4) (emphasis added). Further, in his Traverse, Petitioner states, "The

---

[6]Page one of Petitioner's habeas petition merely quotes portions of 18 U.S.C. §§ 3013, 3572, 3612 and 3664. Doc. 1, p. 1.

5

BOP's taking of inmate funds or forcing them into FRP refusal status, thus sanctioning them, is wholly unlawful under both 18 U.S.C.A. § 3664 and U.S.C. § 706(2)(A) the imposed fee collections, sought by the (BOP) must all be removed as they are not a legal collection agency for the court in form whatsoever." (Doc. 17, p. 4).

Petitioner states that a § 2241 habeas petition is the proper vehicle to raise his stated challenge to the BOP's authority to force him to make his criminal monetary payments as it is a sentencing issue because "only the Court shall determine, at sentencing, the payments ... ." Petitioner also states that "[a]ny changes to the FRP payments may only be done with a resentencing hearing, not via the BOP Unit Teams." (Doc. 1, p. 2).

As relief in his Habeas Petition, Petitioner requests "[i]mmediate Court permanent injunction upon the BOP to cease and desist from any and all collections or punishments, in any forms against this Petitioner, without the issuance of a Judicial Signed, enforceable Court Order to do so." (*Id*.). In his Traverse, Petitioner states his relief as, "That the (BOP) remove all sanction's (sic) against Petitioner, reimburse Petitioner for all money taking [taken] out of Petitioner account, provide Petitioner with back pay at pay rate one and that Petitioner pay rate remains at pay rate one as lone [long] as Petitioner is in the (BOP). (Doc. 17, pp. 4-5).

## III. Discussion.

Respondent first argues that Petitioner's habeas Petition should be dismissed since his claims regarding criminal fines, restitution and other monetary penalties are not cognizable in a § 2241 habeas petition. In his Response, Respondent has attached copies of several recent

cases of this Court which have held that challenges to the BOP's administration of its IFRP are not proper habeas claims. (Doc. 14, pp. 5-7 and Doc. 14-2). We agree with Respondent.

"Under the IFRP, federal prisoners are encouraged to meet their financial responsibilities by entering into a contractual payment schedule developed for the inmate with the assistance of BOP staff. An inmate's failure to participate in this program or to make agreed payments can affect his or her eligibility for participation in various BOP programs and may be considered for purposes of parole review." *Wilkins v. Bittenbender*, 2006 WL 860140, * 15 (M.D. Pa. 2006); *Douglas v. BOP*, 2009 WL 1458177, *4, n. 9 (M.D. Pa.).

As Respondent recognizes (Doc. 14, pp. 5-6), generally, a habeas petition under § 2241 is properly brought where the petitioner is seeking to challenge the carrying out or the execution of his sentence (*e.g.*, the calculation of good time credits, the running of the sentence, the calculation of the ending date, etc.) and not the sentence as imposed. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Gomori v. Arnold*, 533 F.2d 871, 875 (3d Cir.), cert. denied, 429 U.S. 851 (1976) ("Furthermore, the United States Courts of Appeals have consistently held that a challenge to a sentence as executed by the prison and parole authorities may be made by petition for a writ of habeas corpus [*i.e.*, a Section 2241 petition], whereas a challenge to the sentence as imposed must be made under 28 U.S.C. § 2255."); *Thomas v. Miner*, 232 Fed.Appx. 207, 208 (3d Cir.2007) ("In addition, federal prisoners may proceed under § 2241 when their challenge is directed to the execution, as opposed to the validity, of their sentence."). *See also Vinnie v. Martinez*, Civ. No. 3:CV-09-1135, slip op. at 2-3 (7-15-09 M.D. Pa.) (Muir, J.). (Doc. 14-2, pp. 27-28).

Moreover, in *Jennings v. Bureau of Prisons*, 2009 WL 1181221, *2 (M.D. Pa. 2009), the Court stated, "a challenge to IFRP refusal status is also not properly asserted in a habeas corpus petition." *See David v. United States*, Civ. No. 3:CV-99-0836, slip op. at 5 (1999 M.D. Pa.) (Munley, J.); *Vinnie v. Martinez*, Civ. No. 3:CV-09-1135, slip op. at 3-4 (7-15-09 M.D. Pa.) (Muir, J.). (Doc. 14-2, pp. 28-29).

Here, clearly Petitioner's claims go to the sentence as imposed and thus, they cannot generally be brought *via* a § 2241 petition. *See, e.g., Easton v. Williamson*, Unpublished, 2008 WL 587859, at *1 (3d Cir. 2008) ("We agree with the District Court insofar as it concluded that Easton's claim does not fall within the purview of § 2241, because he does not challenge the execution of his sentence, but rather, he challenges the failure of the sentencing court to follow the strictures of the MVRA.").

Petitioner Douglas' claims are similar to those of the petitioner in the recent case of *Garcia v. Martinez*, 2009 WL 1619971 (M.D. Pa. June 9, 2009). (Doc. 14-2, pp. 18-21). Petitioner Douglas raises near identical claims as asserted by the petitioner in the *Garcia* case. In *Garcia*, this Court held that a habeas corpus is not an appropriate remedy with respect to an inmate's challenge to his restitution repayment schedule and the imposition of BOP fees and sanctions. The *Garcia* Court stated:

> It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir.2002).

8

> In the instant case, Garcia is challenging his restitution repayment schedule and the imposition of BOP fees and sanctions. He is not seeking speedier or immediate release from custody, nor is he challenging the legality of his present incarceration. Rather, Garcia contends that the BOP's actions affect his conditions of confinement. In these situations, "habeas corpus is not an appropriate or available federal remedy." See *Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir.1993) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 494, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); see also *Carter v. Martinez*, Civ. No. 3:09-cv-00477, slip op. at 2 (M.D.Pa. Apr. 14, 2009) (Munley, J.) (challenge to restitution payment schedule and BOP sanctions and fees not properly asserted in habeas petition) (Doc.; *Warner v. Martinez*, Civ. No. 4:09-cv-00482, slip op. at 4 (M.D.Pa. Apr. 10, 2009) (Muir, J.) (challenge to amount of IFRP payments does not concern either fact or duration of confinement in prison).

*Garcia*, 2009 WL 1619971 at *1. (Doc. 14-2, pp. 19-20).

We find that *Garcia,* as well as all of the cases cited by Respondent at pages 6-7 of his Response (Doc. 14), are directly on point with the present habeas petition, and we agree with Respondent that habeas relief is not appropriate in this matter. Moreover, the same result was found by the Court with respect to other habeas petitions almost identical to that of Petitioner Douglas. *See Carter v. Martinez*, Civ. No. 3:CV-09-0477, Slip Opinion, at *2 (M.D. Pa. April 14, 2009) (Munley, J.); *Warner v. Martinez*, Civ. No. 4:CV-09-0482, Slip Opinion, at *4 (M.D. Pa. April 10, 2009) (Muir, J.).[7]

Thus, we will recommend the instant habeas petition be dismissed since Petitioner's claim that the BOP unlawfully set a payment schedule regarding the $500 felony assessment imposed by the sentencing court is not cognizable in a § 2241 habeas petition. We do not recommend that the Habeas Petition be dismissed without prejudice to any right Petitioner Douglas may have to seek relief by way of a properly filed civil rights complaint since, as noted,

---

[7]Both the *Carter* and *Warner* opinions are attached to Respondent's Response at Doc. 14-2.

he has already filed a civil rights action (Civ. No. 08-0140) with respect to the stated claim, and it was recently dismissed by the Court.[8] *See Douglas v. BOP*, 2009 WL 1458177 (M.D. Pa.).

Even if Petitioner's present claims are proper habeas claims, we find no merit to them. *See, e.g., Pinet v. Grondolosky*, 2009 WL 2942699, *1 (3d Cir.)(inmate challenges the execution of his sentence and raises a §2241 habeas claim that BOP acted unlawfully in setting a payment schedule for a criminal fine); *U.S. v. Wynn*, 328 Fed. Appx. 826, 829 (3d Cir. 2009) (inmate's challenge to the IFRP collection mechanism "may be a challenge to the execution of his sentence").[9] However, the *Wynn* Court noted that such a claim "may also be more appropriately brought as a civil rights action against prison officials challenging conditions of his confinement." 328 Fed.Appx. at 829, n. 3.

We agree with Respondent that Petitioner's claims, if found to be within the purview of a § 2241 habeas petition, have no merit since the constitutionality of the IFRP has been upheld in the Third Circuit, and since the BOP did not act unlawfully in setting a payment schedule for Petitioner to satisfy his $500 felony assessment. As stated, Petitioner was re-sentenced on October 6, 2008, and he was ordered to pay a $500 felony assessment as a criminal monetary penalty by the sentencing court. The sentencing court did not impose any criminal fine or restitution on Petitioner. (Doc. 14-3, p. 16). Thus, to the extent Petitioner

---

[8]Respondent concedes that Petitioner Douglas has exhausted his BOP administrative remedies. (Doc. 14, p. 2, n. 3).

[9]In *Pinet v. Grondolosky*, 2009 WL 2942699 (3d Cir.), the Third Circuit upheld the district court's denial of habeas relief since it found that the BOP acted lawfully in setting a payment schedule for the inmate to satisfy his criminal fine imposed by the sentencing court.

argues that only the sentencing court, not the BOP, had authority to set his "schedule of restitution payments," we find Petitioner's argument misplaced since the sentencing court did not impose restitution when it re-sentenced Petitioner. (Doc. 17, p. 4) and Doc. 14-3, p. 16).

Specifically, the sentencing court, with respect to the Schedule of Payments Petitioner was required to make on his $500 felony assessment, ordered that:

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
>
> A.  X   Lump sum payment of $500.00 due immediately, balance due
>
> ...............................................................
>
> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

(Doc. 14-3, p. 17).

As Respondent points out (Doc. 14, p. 9), the Amended J&C of October 6, 2008, also provided that the payments of Petitioner's $500 felony assessment could be made through the BOP's IFRP. (*Id*.). Petitioner made only two payments of $25 towards his $500 felony assessment. (Doc. 14-3, p. 37). On September 7, 2009, the BOP placed Petitioner in "FRP Refuse" status. (*Id*., pp. 4-5).

Respondent is correct (Doc. 14, p. 10) in that the record shows the sentencing court did not set a payment schedule with respect to the $500 felony assessment it imposed on Petitioner. Further, as stated, the sentencing court did not impose any criminal fine or

11

restitution on Petitioner, contrary to Petitioner's contention. (*Id*., p. 16, and Doc. 17, p. 4). Thus, to the extent that Petitioner is claiming that the BOP did not have authority to set a schedule of "his restitution payments," he is mistaken since the sentencing court did not impose any restitution on Petitioner. The sentencing court, as mentioned, only imposed a $500 felony assessment on Petitioner. If the sentencing court did impose a fine and/or restitution (and it did not) and Petitioner was claiming that the BOP improperly set a payment schedule regarding an imposed fine and/or restitution, then Petitioner could file a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Costigan v. Yost*, 2008 WL 5062365 (3d Cir.) (if inmate's challenge goes directly to execution of his sentence, *i.e.* whether the BOP had the authority to schedule the restitution payments, the claim must be raised in a § 2241 habeas petition); *U.S. v. Coates*, 178 F. 3d 681, 685 (3d Cir. 1999) (under MVRA, the sentencing court cannot delegate to the BOP the authority to set the schedule of restitution payments since this constituted a judicial act); *Pinet v. Grondolosky*, 2009 WL 2942699, *1 (3d Cir.)("because [inmate] challenges the execution of his sentence by claiming that the BOP acted unlawfully in establishing a payment schedule regrading the imposed **fine**, the claim falls squarely within the purview of a section 2241 petition.")(citation omitted)(emphasis added). Also, under the MVRA, the sentencing court must consider the Defendant's financial resources before it sets the schedule of restitution payments, but not before it orders a fine or felony assessment. *See* 18 U.S.C. § 3664(f)(2); *U.S. v. Corley*, 500 F. 3d 210 (3d Cir. 2007); *Pinet v. Grondolosky*, 2009 WL 2942699, *2 (3d Cir.)("There is no analogous statutory provision [to 18 U.S.C. §3664(f)(2)]

governing the imposition of fines that requires the sentencing court to set [restitution] payment schedules with consideration of the Defendant's finances.").

In our case, the record clearly shows that Petitioner's Amended J&C required him to pay only a $500 felony assessment, with the balance due immediately. Petitioner was not ordered to pay any criminal fine or restitution. Thus, Petitioner's present challenge goes to the BOP's setting of a schedule to pay his felony assessment by preparing an IFRP plan for him to make $25 quarterly payments toward the felony assessment. There is no exhibit which shows that any BOP staff set a schedule for Petitioner to repay any restitution or fine. Therefore, insofar as Petitioner is deemed as claiming that the BOP improperly set a schedule of restitution and/or fine payments for him, Petitioner is clearly mistaken. Petitioner can only be referring to the IFRP plan which set a payment schedule for his $500 felony assessment (not a restitution payment schedule) imposed by his Amended J&C.

As this Court held in Petitioner Douglas's civil rights case, Civ. No. 08-0140, to the extent that Douglas claimed that BOP staff forced him to agree to pay his $500 felony assessment imposed by the sentencing court in his J&C (both original and amended J&C), and that BOP staff improperly set a schedule for him to pay his felony assessment (*i.e.* $25.00 quarterly), the sentencing court does not have to set a schedule to pay the special assessment. As stated, Petitioner again appears to confuse the setting of a schedule to pay a felony special assessment with the setting of a schedule of restitution payments by the BOP. *See Douglas v. BOP*, 2009 WL 1458177.

13

In *Costigan*, as Respondent recognizes (Doc. 14, pp. 10-11), the Court stated:

> [inmate's] claim is based exclusively on the sentencing court's failure to set a schedule for paying the $200 special assessment. The special assessment was mandatory under 18 U.S.C. § 3013(a)(2)(A), and was to be "collected in the manner that fines are collected in criminal cases." 18 U.S.C. § 3013(b). The Attorney General is responsible for the collection of criminal fines. *See* 18 U.S.C. § 3612(c). The time and method of payment is governed by 18 U.S.C. § 3572(d), which provides that [a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless ... the court provides for payment on a date certain or in installments. **But, unlike with restitution, there is no provision mandating that the order for a fine or special assessment include a payment schedule in consideration of the defendant's economic circumstances. Therefore, because the sentencing court was not required to set a payment schedule for the special assessment**, we will affirm the District Court's order denying Costigan's § 2241 petition.

2008 WL 5062365, *2(emphasis added).

Thus, insofar as Petitioner claims that the BOP improperly set a payment schedule for the $500 felony assessment imposed by the sentencing court in the Amended J&C dated October 6, 2008, we agree with Respondent and find no merit to this claim.

Finally, we agree with Respondent (Doc. 14, pp. 7-8) that the IFRP is constitutional. *See Pinet v. Grondolosky*, 2009 WL 2942699, *1 (3d Cir.); *James v. Quinlan*, 866 F. 2d 627 (3d Cir. 1989).

**IV. Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Douglas' petition for writ of habeas corpus (Doc. 1) be dismissed with prejudice.

<pre>
                                        s/ Thomas M. Blewitt
                                        THOMAS M. BLEWITT
                                        United States Magistrate Judge
</pre>

**Dated: October 28, 200**9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON DOUGLAS, | : | CIVIL ACTION NO. **1:CV-09-1188** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| RICARDO MARTINEZ, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 28, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                   **s/ Thomas M. Blewitt**
                                   **THOMAS M. BLEWITT**
                                   **United States Magistrate Judge**


**Dated: October 28, 2009**